Samuels, J.
I am of opinion the Circuit superior com't ^aw and chancery for Wood county should have rendered no decree in the case until it had caused the persons holding the titles to the lands sought to be charged, to be made parties to the suit. As a moiety of their lands if subjected to the lien of complainants’ judgment, can only be so subjected after applying the personal estate of Alexander Henderson, if any, to the part payment thereof, these persons have a direct interest in the questions connected with the personal property. It was improper therefore, to decide in regard to the personal property in their absence. And moreover the decree in regard to the land would be wholly inoperative against those who held the titles but who are not parties to the suit.
The decree should be reversed with costs to the appellant, and the cause remanded with directions to make parties such persons as hold titles to the land conveyed by Alexander Henderson to George W. Henderson by the deeds bearing date the 5th and 7th days of december 1825, and for further proceedings to be had therein.
The other judges concurred.
The decree was as follows :
The court is of opinion that the Circuit court of Wood county erred in rendering any decree affecting the real or personal property sought to be charged without having before it as parties the persons holding titles to the lands conveyed by Alexander Henderson to George W. Henderson by the deeds bearing date the 5th and 7th of December 1825. It is therefore adjudged, ordered and decreed that the said decree be *397 reversed and annulled, that the appellant recover of the appellee his costs expended in this court, to be levied of the assets in her hands to he and the cause is remanded to the Circuit court Wood county with directions to cause the persons J inn above mentioned to be made parties, and for further proceedings to be had therein.